IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY E. WALKER, | ) |
| Plaintiff(s), | ) No. C 08-0801 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL WITH |
| JOHN DOE, et al., | ) LEAVE TO AMEND |
| Defendant(s). | ) |

Plaintiff, a prisoner at the California Medical Facility in Vacaville, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that, while he was at the San Francisco County Jail, jail officials denied him adequate mental health treatment. Plaintiff only names John and Jane Doe defendants.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). But in order to state a cognizable claim for damages under § 1983, plaintiff must set forth specific allegations showing how each defendant's actions and/or omissions were the "actual and proximate cause" of the deprivation of which plaintiff complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff has not done so.

Plaintiff may have a cognizable claim for damages under § 1983 against the individual Doe defendants. But in order to proceed, plaintiff must identify the Doe defendants, and amend his complaint to name them and set forth specific facts as to how each individual defendant violated his rights. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff will be afforded 30 days from the date of this order to identify the unknown Doe defendants and amend his complaint.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order

2

1 | and the words FIRST AMENDED COMPLAINT on the first page.  Failure to
2 | file a proper amended complaint within the designated time will result in the
3 | dismissal of this action.
4 |     Plaintiff is advised that the amended complaint will supersede the original
5 | complaint and all other pleadings.  Claims and defendants not included in the
6 | amended complaint will not be considered by the court.  See King v. Atiyeh, 814
7 | F.2d 565, 567 (9th Cir. 1987).
8 | SO ORDERED.
9 | DATED: March 14, 2008
10 |     CHARLES R. BREYER
    United States District Judge

G:\PRO-SE\CRB\CR.08\Walker, J2.dwlta.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY EUGENE WALKER,

        Plaintiff,

  v.

JOHN DOE et al,

        Defendant.
                                      /

Case Number: CV08-00801 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffery E. Walker F-11343
CMF
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: March 14, 2008

                                      Richard W. Wieking, Clerk
                                      By: Barbara Espinoza, Deputy Clerk