IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY E. WALKER, | ) | |
| Plaintiff(s), | ) | No. C 08-0801 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| JANE LOVELLE, et al., | ) | |
| Defendant(s). | ) | |

    Plaintiff, a prisoner at the California Medical Facility in Vacaville, has filed a pro se First Amended Complaint for damages under 42 U.S.C. § 1983 ("FAC") alleging that, while he was at the San Francisco County Jail, jail officials denied him adequate mental health treatment. Among other things. plaintiff alleges that despite his mental health history, the named defendants often put him in situations where he was likely to injure himself or attempted suicide.

    Liberally construed, plaintiff's allegations appear to state a cognizable § 1983 claim for deliberate indifference to serious medical needs against the named defendants and will be ordered served. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff may proceed against the unnamed Doe defendants if, within 60 days of this order, he identifies them via discovery (the clerk is sending him a blank subpoena) and moves to amend to add them.

1  For the foregoing reasons and for good cause shown,

2  1. The clerk shall issue summons and the United States Marshal shall
3  serve, without prepayment of fees, copies of the FAC in this matter, all
4  attachments thereto, and copies of this order on the named defendants. The clerk
5  also shall serve a copy of this order on plaintiff.

6  2. In order to expedite the resolution of this case, the court orders as
7  follows:

8  a. No later than 90 days from the date of this order, defendants
9  shall file a motion for summary judgment or other dispositive motion. A motion
10 for summary judgment shall be supported by adequate factual documentation and
11 shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
12 include as exhibits all records and incident reports stemming from the events at
13 issue. If defendants are of the opinion that this case cannot be resolved by
14 summary judgment or other dispositive motion, they shall so inform the court
15 prior to the date their motion is due. All papers filed with the court shall be
16 served promptly on plaintiff.

17 b. Plaintiff's opposition to the dispositive motion shall be filed
18 with the court and served upon defendants no later than 30 days after defendants
19 serve plaintiff with the motion.

20 c. Plaintiff is advised that a motion for summary judgment
21 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
22 case. Rule 56 tells you what you must do in order to oppose a motion for
23 summary judgment. Generally, summary judgment must be granted when there
24 is no genuine issue of material fact--that is, if there is no real dispute about any
25 fact that would affect the result of your case, the party who asked for summary
26 judgment is entitled to judgment as a matter of law, which will end your case.

27
28  2

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

  4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing

1  a true copy of the document to defendants or defendants' counsel.

2      5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: July 02, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Walker, J2.serve.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY EUGENE WALKER,

        Plaintiff,

  v.

JOHN DOE et al,

        Defendant.
                                            /

Case Number: CV08-00801 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffery E. Walker F-11343
CMF
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: July 2, 2008

                                            Richard W. Wieking, Clerk
                                            By: Barbara Espinoza, Deputy Clerk