1  JEFFREY WALKER F11343
2  CMF P.O. Box 2000
3  Vacaville CA. 95696-2000
4  In pro per

**FILED**

SEP - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6           IN THE UNITED STATES DISTRICT COURT
7           FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9  JEFFREY WALKER
       Plaintiff(s),           NO. C 08-0801 CRB (PR) NOTICE OF
10                             MOTION AND MOTION FOR THE
11 V.                          APPOINTMENT OF COUNSEL, WITH SUPPORTING
12 JANE LEVELLE et al,         MEMORANDUM, DECLARATION, AND POINTS
13     Defendant(s)            AND AUTHORITIES.
14 _____

15

16  AFFIDAVIT IN SUPPORT OF THE PLAINTIFFS MOTION FOR THE
17  APPOINTMENT OF COUNSEL.
18  1. I am the plaintiff in the above entitled case. I MAKE THIS AFFIDAVIT IN SUPPORT OF MY MOTION FOR THE APPOINTMENT OF COUNSEL
19
20  2. THE complaint in this case Alledges Denial of mental health
21  Treatment, numerous injuries were staff had watched and super-
22  visors had failed to prevent or Intervene to stop such Acts.
23  3. It Also alledges numerous trips to hospital were seperate staff
24  medical and mental health documented seperate opinions than
25  the Jail.
26  4. This is a complex case because it contains several
27  different legal claims, with each claim involving a different
28  set of defendants

5. THE PLAINTIFF HAS DEMANDED A JURY TRIAL.

6. THE CASE WILL REQUIRE DISCOVERY OF DOCUMENTS and depositions of a number of witnesses

7. The case will require Expert testimony because of mental health issues as well as medical

8. The Testimony will be sharp conflict, since plaintiff alleges that defendants denied him adaquate mental health treatment, placed him in cells safety for punishment and not for treatment, and were several injuries accured, utinsils recieven in error where injuries were coused in safety cell.

9. Including a captain of the Jail, Mental health site manager and others involved with the implimination of a plan not for mental health reasons in wich due to there negligence and deliberate Indifference caused plaintiff to Injure himself - were denial of adequate mental health treatment and appropriate housing was denied.

10. The plaintiff has Limited education and no real Low experience and will be going up against skilled Firm and Litigators.

11. plaintiff is also a mental health patient at California medical Facility at vacaville state prison whose mental health may cause problems in staying Focused and other Issues that will or may cause defenation in treatment due to the remomberance of this past trauma.

2.

13. plaintiff is also incapable of investigating and gathering all the eyewitnesses inmates who where present or locating them. due to my incarceration

14. As set forth, in memorandum of Law submitted with this motion, these facts, along with the Legal merit of the plaintiffs claims, support the Appointment of counsel to Depresent plaintiff.

Wherefore, the plaintiff motion for the appointment of counsel should be granted.

Jeffrey Walker

I swore under penalty of perjury the foregoing statements are true, sworn to me this:

24 Day of Aug 2008

Jeffrey Walker
Jeffrey Walker

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS MOTION FOR THE APPOINTMENT OF COUNSEL.

Statement of the case:

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for the Deliberate-Indifference and Denial of Adequate Mental health treatment among other things and despite his mental health history, named defendants placed him often in situations where he was likely to injure himself or attempt suicide, were medical injuries are noted.

STATEMENT OF FACTS:

The complaint alledges that starting from the mounths of June 2005 to Jan-17-2006 mental health, and custody had both placed plaintiff in threatning and paranoid situations that has resulted in self injurous behavior and suicidal behavior and in all situations caused mental deterioation,

On numerous actions plaintiff was placed in safety cell not for mental health treatment but for punishment, plaintiff had asked for help and was denied were staff had on numerous occasions watched plaintiff hurt himself. Even during a time were it was noted by mental health staff that plaintiff was a high risk for suicide towards his sentencing date, staff had elected to move plaintiff to a now mental health unit were plaintiff injured

1 Himself, prior to that staff had knew plaintiff was
2 suicidal and a threat to others and yet forced plaintiff
3 into a cell with another Inmate, plaintiff slit his wrist
4 with a Razor blade three times in the same day were
5 each time after, he was placed back into his cell to do
6 it again.
7 It was noted in medical reports that a plan was put
8 together by captain Sabrina Butler, Jane Lovelle, Et. al
9 to remove plaintiff from mental health denying him of
10 adequate mental health treatment and moved him into
11 Ad seg for disciplinary placement with another Inmate
12 In witch he cut his wrist three times in one day, then
13 when kept for three days at hospital s.f. General,
14 plaintiff was brought back to the same cell and did it
15 all over again. plaintiff was denied his rights to the
16 equal protection of the laws and adequate mental health
17 treatment, was placed in threatning situations thats caused
18 injuries, and other times were staff sat and watched
19 plaintiff Injure himself. Defendants Denied him treatment
20 Etc.
21
              ARGUMENT
22 In deciding rather to appoint Counsel for an individual or
23 Indigent Inmate Litigant the court should consider "the Factual
24 complexity of the case, the ability of the indigent to investigate
25 the facts, the existence of conflicting testimony, the ability
26 of the indigent to present his claim and the complexity of
27 the legal issues. Abdullah v Gunter 949 F.2d 1032, 1035
28 8th Cir. 1991) citation omitted cert denied 112 s. ct 1995 (1992)

5.

In addition the courts have suggested that the most important factor is whether the case appears to have merit. Cooper v A. Sargenti Co. Inc. 877 F.2d 170, 173 (2d cir 1989) Each of those factors weighs in favor of appointing a counsel in this case.

1. Factual complexity. The plaintiff alledges that on more than one occasion he was placed in threatning situations thats resulted in self injuries before denieing plaintiff of mental health treatment were he was instead punished placed in safety cells by mental health staff and captein of Jail not for treatment but for punishment. Acts were on numerous occasion other staff have done the same and even wateled plaintiff injure himself and do nothing about it. The sloor number of claims and defendants makes this a factally complex case.

In addition since medical care denial is an issue it will probably be necessory to present a medical and mental health Expert witness or to cross examine medical or mental health called by the defendants or both. The presence of medical or mental health or other issues requiring Expert testimony supports the appointment of cansel Moor v Mabus, 976 F.2d 268, 272 (5th cir 1992) Jackson v County of Mcleen, 953 F.2d 1070, 1073, (7th cir 1992) Tucker v Randall, 948 F.2d 388, 392 (7th cir 1991)

6

2. The plaintiffs ability to Investigate.

The plaintiff is locked up in prison he is unable to Identify, Locate and Interview, or investigate the facts, many eyewitnesses have been transferred or released who were located in cells and witnessed numerous acts, a factor that several courts have cited in appointing counsel, Tucker v. Randall 948 F.2d 388, 391-92 (7th Cir 1991) Gatson v Coughlin 679 F. Supp. 270, 273 (W.D.N.Y 1988) Armstrong v snyder 103 F.R.D. 96 105 (E.D. Wis 1984) In addition this case will require considerable discovery concerning the identity of witnesses and the officers and staff reports, and statements about the incident, the history of the officers with prior records of misconduct and the plaintiffs medical and mental health history. Tucker v Dickey 613 F. Supp 1124 1133-34 (W.D. Wis 1985) need for discovery supposes appointment of counsel),

3. Conflicting testimony: The plaintiffs account of these acts is squarly about to be in conflict with statements of staff involved, The aspects of the case will be credibility contest between the defendants and the plaintiffs (and such inmate witnesses as can be located, The existence of those credibility issues supports the appointment of counsel Gatson v Coughlin 679 F. Supp 270, 273 (W.D. N.Y 1988)

7

4. The ability of the indigent to present his claim:

The plaintiff is an indigent inmate with no legal training a factor that supports the appointment of counsel Whisenant v Yuam, 739 F.2d 160, 163 (4th cir 1984). In addition, he is confined to state prison with very limited access at this prison to legal materials and law library usage. A maximum of 4 hours a week x 4 weekes = 16 hours — egaul to two full working days a month to research, draft, write, etc. Rayes v Johnson, 969 F.2d 700 -703-04 (8th cir 1992) citing lack of ready access to library as a factor supporting appointment of counsel.

5. Legal complexity. The large number of defendents, some of whom are supervisory officials, presents complex legal issues of determining wich defendant were sufficiently personsllk involved in the constitutional violations to be held liable.

In addition plaintiff had asked for Jury trial, wich requires much greater legal skills than plaintiff has or can develop: Abdullah v Gunter 949 F.2d 1032, 1036 (8th cir. 1991) citing jury demand as a factor supporting appointment of counsel) cert. denied 112 s.ct. 1995 (1992)

8

6. Merit of the case. The plaintiff allegation if proved, clearly would establish a constitutional violation. The deliberate indifference to serious medical needs Denial of adequate mental health treatment Among other things. placing plaintiff in situations that was likely to cause injuries or attempt suicide in violation of Eighth Amendment Rights against cruel and unusual punishment.

Estelle v Gamble 429 U.S. 97, 104. (1976)

And the deliberate indifference claims some case.. on its face, then, this is a meritorious case.

## Conclusion

For the foregoing reasons, the court should grant the plaintiff's motion and Appoint counsel in this case.

Date: Aug-24-08

x Jeffrey Walker
  Jeffrey Walker

9