IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CRAIG, ) | |
| ) | |
| Petitioner, ) | No. C 07-1567 CRB (PR) |
| ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| ) | |
| TOM FELKER, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner incarcerated at High Desert State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Alameda of attempted murder and related offenses for the September 18, 2002 shooting of David Hayes. On August 13, 2003, he was sentenced to 34 years to life in state prison.

Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, which denied review on June 29, 2005.

Petitioner also unsuccessfully sought collateral relief from the state courts until the Supreme Court of California denied his petition on November 29, 2006.

Petitioner then filed the instant federal habeas action on March 19, 2007. But he promptly obtained a stay in order to exhaust two additional claims.

Currently before the court is petitioner's Amended Petition for a Writ of Habeas Corpus, which he filed shortly after the Supreme Court of California denied his final state habeas petition on July 9, 2008.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including prejudicial admission of evidence, instructional error, ineffective assistance of counsel and unlawfully enhanced sentence based on findings not made by the jury . Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

/

/

2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall reopen this matter and serve by certified mail a copy of this order and the Amended Petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.  Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any

3

1  change of address.

2  SO ORDERED.

3  DATED: Oct. 06, 2008

_____
CHARLES R. BREYER
United States District Judge