IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>    Plaintiff(s),<br><br>  v.<br><br>JANE LOVELLE, et al.,<br><br>    Defendant(s). | No. C 08-0801 CRB (PR)<br><br>ORDER GRANTING<br>MOTION TO DISMISS<br><br>(Docs # 44 & 52) |

       Plaintiff, a prisoner at the California Medical Facility in Vacaville, filed a First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging that, while detained at the San Francisco County Jail (SFCJ) from May 2005 to January 2006, jail officials denied him adequate mental health treatment.

       Per order filed on July 2, 2008, the court found that plaintiff's allegations stated a cognizable § 1983 claim for deliberate indifference to serious medical needs and ordered the United States Marshal to serve the named defendants.

       Defendants move to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff did not properly exhaust available administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). They also move to dismiss on the grounds that the action is time-barred and that plaintiff states no specific facts against them. Plaintiff filed an opposition and defendants filed a reply.

I.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The San Francisco Sheriff Department provides its prisoners the right to appeal administratively any issue "affecting the prisoner's condition of confinement." Doc #46 at 7. In order to exhaust available administrative remedies within this system, a prisoner must proceed with a written grievance through several levels of review: (1) housing deputy, (2) Watch Commander, (3) Facility Commander and (4) Custody Division Commander. "Appeal decisions by the Custody Division Commander complete the grievance process and are final." Id. at 9.

For grievances involving medical care, the Watch Commander assigns the grievance to appropriate staff (such as Jail Health Services or Jail Psychiatric Services) for resolution. If the prisoner is not satisfied with the resolution of the medical care grievance, he may appeal to the Medical Director. "Appeal decisions by the Medical Director complete the medical grievance process and are final." Id. at 10.

Nonexhaustion under § 1997e(a) is an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted the jail's or prison's administrative process, the proper remedy is dismissal without prejudice. Id.

II.

Defendants correctly raises nonexhaustion in an unenumerated motion to dismiss and argue that plaintiff's action should be dismissed because plaintiff did not administratively exhaust his claim of inadequate mental health care through the final Medical Director's level of review before filing suit. The court agrees.

The record shows that while plaintiff was detained at SFCJ, he filed 17 grievances. See Doc #47 at 2-3. Two of these grievances, dated August 9, 2005 and December 23, 1995, alleged some sort of inadequate mental health treatment. See id. at 9-11, 44. Both grievances were referred to Jail Psychiatric Service staff member Jane Lovelle (the site manager), who responded to them on September 2, 2005 and December 26, 2005, respectively, by noting that plaintiff had been seen by mental health professionals several times and was being properly treated.

Plaintiff did not appeal either response to the Medical Director or to any other sheriff's department official. See id.

Plaintiff does not dispute that he did not appeal either of the two above-referenced grievances to the Medical Director, but rather alludes to a lost grievance that also alleged inadequate mental health care and to his mental health problems. Plaintiff's alluding to a lost grievance, without more, is insufficient to support a finding that he properly exhausted available administrative before filing suit, as required by § 1997e(a). The evidence in the record shows that plaintiff did not properly exhaust his claim of inadequate mental health treatment through the final Medical Director's level of review. See Woodford, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). His further alluding to his mental health problems does not compel a different conclusion. Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)). After all, plaintiff's mental health ailments did not prevent him from filing (and in many cases appealing) more than a dozen grievances during his seven-month detention at SFCJ. The instant action must be dismissed without prejudice. See Wyatt, 315 F.3d at 1119-20; see also McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

/

/

/

4

III.

For the foregoing reasons, defendants' motion to dismiss (docs # 44 & 52) is GRANTED on the ground that plaintiff did not properly exhaust available administrative remedies before filing suit and, pursuant thereto, the action is DISMISSED without prejudice.[1]

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: May 8, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Walker, J2.mtd.wpd

---

[1] The court need not address defendants' additional grounds for dismissal.

5