**FILED**

AUG 1 1 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFERY E. WALKER,                     )
                                       )
           Plaintiff(s),               )     No. C 08-0801 CRB (PR)
                                       )
       vs.                             )     ORDER
                                       )
JANE LOVELLE, et al.,                  )     (Doc # 70)
                                       )
           Defendant(s).               )
_____)

On May 11, 2009, the court granted defendants' motion to dismiss
plaintiff's instant prisoner action for failure to exhaust properly available
administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a),
but denied defendants' similar motion to dismiss plaintiff's other prisoner action,
see Walker v. Jones, No. C 08-0757 CRB (PR) (N.D. Cal. May 11, 2009) (order
denying motion to dismiss).

In Walker v. Jones, the court found that plaintiff properly exhausted
available administrative remedies because the uncontradicted facts in the record
showed that plaintiff filed a grievance he did not appeal because he never
received a copy of the denial and, under the sheriff's department's prisoner
grievance process, "[if] a prisoner does not receive a response to a grievance filed

1    within 30 days of the filing, the prisoner shall assume that [hius] administrative

2    remedies have been exhausted." Id. at 4 (citation omitted). In the instant case,

3    Walker v. Lovelle, by contrast, the court found unpersuasive plaintiff's

4    conclusory claim that he filed a grievance for which there was no record because

5    the grievance was somehow lost. May 11, 2009 Order at 4.

6        Plaintiff moves for reconsideration on the ground that the logic behind the

7    court's denial of the motion to dismiss in Walker v. Jones, should apply to Walker

8    v. Lovelle. Plaintiff's motion (doc # 70) is DENIED. Whereas the

9    uncontradicted evidence in the record in Walker v. Jones showed that plaintiff

10   filed a grievance and never received a copy of its denial, the evidence in the

11   record in Walker v. Lovelle did not show that plaintiff filed a grievance or that

12   one ever existed. Plaintiff's conclusory claim that he filed a grievance for which

13   there is no record (as opposed to all other grievances he alludes to in his two

14   actions) because it was somehow lost is simply not persuasive. Cf. Wyatt v.

15   Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (in deciding motion to dismiss for

16   nonexhaustion under § 1997e(a), court may look beyond pleadings and decide

17   issues of fact).

18   SO ORDERED.

19   DATED: **AUG 1 1 2009**

         CHARLES R. BREYER
20       United States District Judge

21

22

23

24

25

26
     G:\PRO-SE\CRB\CR.08\Walker, J2.recon.wpd
27

28                                         2